UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARY MOSCHETTO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14CV1042 RLW |
| ) | |
| BOEING AEROSPACE OPERATIONS, INC., ) | |
| and MICHAEL ENGBERG, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Michael Engberg's Motion to Dismiss (ECF No. 6). The motion is fully briefed and ready for disposition.

## Background

Plaintiff was previously employed by Defendant Boeing Aerospace Operations, Inc. ("BAO") as a Tool Design Engineer III from 2009 until his termination on February 25, 2013. (Compl. ¶ 1, ECF No. 5) Defendant Michael Engberg was Plaintiff's supervisor. (Charge of Discrimination ¶ 9, ECF No. 5-1) Plaintiff has a medical condition affecting his back, and Plaintiff notified his employer of this condition. (Compl. ¶¶ 11, 14, ECF No. 5) On November 18, 2011, Plaintiff sent a confidential letter to BAO's Reasonable Accommodations Focal, requesting reasonable accommodations for back pain and "Post-acute withdrawal symptoms." (*Id.* at ¶ 15) According to Plaintiff, Defendant Engberg was notified of this request in December of 2011. (*Id.*) After a meeting with BAO's Reasonable Accommodations Focal and Engberg, Plaintiff was provided some, but not all, of his requested accommodations. (*Id.* at ¶¶ 18-19) Plaintiff alleges that in February 2012, Defendant Engberg placed him on a Performance Improvement Plan ("PIP") for not completing job tasks. (*Id.* at ¶ 21) That same month, Plaintiff

took FMLA qualified leave with an extended medical leave of absence approved by BAO. (*Id.* at ¶ 22) When he returned to work in November 2012, Plaintiff again requested accommodations. (*Id.* at ¶ 24) Plaintiff later complained to BAO and Engberg that his employment rights as a disabled worker were being violated, and he was subsequently placed on a new PIP. (*Id.* at ¶¶ 25-26) Further, Plaintiff alleges that Engberg failed to give Plaintiff a yearly performance evaluation meeting and instead gave him all zeros in the written evaluation. (*Id.* at ¶¶ 31-32; Charge of Discrimination p. 4, ECF No. 5-1). Plaintiff claims that he continued to request reasonable accommodations, but on February 25, 2013, Plaintiff was discharged for unsatisfactory work performance. (Compl. ¶¶ 34-42, ECF No. 5)

Plaintiff believed his termination was based on his disability and filed a charge of discrimination with the EEOC and the Missouri Commission on Human Rights ("MCHR") against BAO. (Charge of Discrimination, ECF No. 5-1) Attached to the charge was a Charge of Discrimination Particulars which listed Defendant Engberg as one of the primary BAO employees who allegedly discriminated against Plaintiff. (*Id.*) Plaintiff received a Right to Sue letter from the MCHR on February 14, 2014. (ECF No. 5-1) On April 10, 2014, Plaintiff filed a Complaint in State court, which the Defendants removed to federal court on June 5, 2014. (Compl., ECF No. 5)

Thereafter, Defendant Michael Engberg filed a Motion to Dismiss, alleging that Plaintiff failed to state a claim against Engberg because Plaintiff did not specifically name Engberg in his Charge of Discrimination. Plaintiff, on the other hand, maintains that the Charge of Discrimination Particulars specifically named Engberg and detailed his actions, which was sufficient to exhaust administrative remedies and give Engberg actual notice of the charges against him.

## **Standard for Ruling on a Motion to Dismiss**

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Id.* at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. *See Id.* at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. *Twombly*, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted).

**Discussion**

Upon review of Defendant Engberg's Motion to Dismiss and related memoranda, the undersigned finds that dismissal is not warranted at this time. Engberg asserts that Plaintiff failed to name Engberg as a respondent in his charge; Engberg had no notice that Plaintiff wanted to hold him personally liable for discrimination or retaliation; and Engberg did not have the opportunity to conciliate the allegations against him. The Court finds that at the motion to dismiss stage, Plaintiff has sufficiently exhausted his administrative remedies and adequately pleaded discrimination claims against Defendant Engberg.

Under the Missouri Human Rights Act ("MHRA"):

> [a]ny person claiming to be aggrieved by an unlawful discriminatory practice may make, sign, and file with the commission a verified complaint in writing . . . which shall state the name and address of the person alleged to have committed the unlawful discriminatory practice and which shall set forth the particulars thereof and such other information as may be required by the commission.

Mo. Rev. Stat. § 213.075.1. Further, a claimant under the MHRA "must exhaust administrative remedies by timely filing an administrative complaint and either adjudicating the claim through the MCHR or obtaining a right-to-sue letter." *Tart v. Hill Behan Lumber Co.*, 31 F.3d 668, 671 (8th Cir. 1994). Thus, for a plaintiff to exhaust his administrative remedies, "he must name all of those alleged to be involved in the discriminatory behavior in his original administrative charge." *Breidenbach v. Shillington Box Co., LLC*, No. 4:11CV1555 JCH, 2012 WL 85276, at *6 (E.D. Mo. Jan. 11, 2012) (citing *Hill v. Ford Motor Co.*, 277 S.W.3d 659, 669 (Mo. 2009)).

The requirement that an individual be named in the charge to then be included in a later civil suit serves the purpose of "giv[ing] notice to the charged party and provid[ing] an avenue for voluntary compliance without resort to litigation . . . ." *Hill*, 277 S.W.3d at 669 (citations

4

omitted). "If allowing suit would not be inconsistent with these purposes, then some federal cases have forgiven a failure to join the individual in the initial charge." *Id.* (citation omitted). A plaintiff meets the requirements for naming an individual where a substantial identity of interest exists between the parties sued and those charged. *Id.* Factors to consider when determining whether a sufficient identity of interests exists include:

> "1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party."

*Id.* at 669-70 (quoting *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3rd Cir. 1977)).

In the instant case, the Court finds that Plaintiff has exhausted his administrative remedies such that he may go forward with his claims against individual Defendant Engberg. The Charge of Discrimination Particulars details Engberg's supervisory and direct role in Plaintiff's requests for reasonable accommodation and in employment actions taken against Plaintiff, which are the bases of his claims in the administrative charge. *But see Jackson v. Mills Props*, No. 4:11CV419SNLJ, 2011 WL 3607920, at *3 (E.D. Mo. Aug. 12, 2011) (finding no substantial identity of interests between the named defendant and the individual defendants where plaintiff's documents failed to show that the individual defendants should have been considered as part of her administrative charge). Furthermore, in order for the Court to properly engage in an analysis of the identity of interest factors stated above, it must perform a fact-intensive inquiry. *Briedenbach*, 2012 WL 85276, at *7; *Hogan v. Cosmic Concepts*, No. 4:11CV0565 JCH, 2011, 4528470, at *3 (E.D. Mo. Sept. 29, 2011). The Court is unable to

evaluate the information and accurately assess the factors set forth in *Hill* at the motion to dismiss stage because the parties have not yet presented all the relevant evidence. *Id.* The Court is satisfied that Plaintiff has alleged enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. *Twombly*, 550 U.S. at 556.

Finally, with regard to Defendant Engberg's claim that he did not receive actual notice, nor was he allowed to participate in the conciliation proceedings, the Court finds that dismissal on this basis is not appropriate. Plaintiff contends that Engberg was fully aware of the charges because the MCHR investigated Engberg during its administrative investigation. While Engberg refutes Plaintiff's claim of actual notice, the Court finds that whether Engberg had actual notice or had the ability to participate in conciliation proceedings requires a determination of facts outside the pleadings. Thus, the undersigned will also deny Defendant Engberg's motion to dismiss for lack of notice. Likewise, the Court finds that the MCHR's failure to issue a copy of the administrative charge and Notice of Right to Sue is not fatal to Plaintiff's Complaint against Defendant Engberg. *See Hogan*, 2011WL 4528470, at *2-*3 (denying individual defendant's motion to dismiss where the administrative charge and the right to sue letter did not mention the individual defendant).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Engberg's Motion to Dismiss (ECF No. 6) is **DENIED**.

Dated this 17th Day of October, 2014.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE